LIBERTY STATE BANK & TRUST v HEMISPHERE
DEVELOPMENT GROUP, INC

Docket No. 45324. Submitted January 4, 1980, at Detroit.—Decided
June 17, 1980.

Plaintiff, Liberty State Bank & Trust, acquired by assignment in
June, 1972, a $37,000 promissory note executed by defendant,
Hemisphere Development Group, Inc. Starting in August, 1972,
defendant made monthly payments on this note which bore an
interest rate at 12% per annum. In May, 1974, plaintiff added
to the balance carried on its ledger card of defendant's account
the sum of $8,095.19. This sum reputedly represented the
balance owing to plaintiff on the account of General Contract
Services, a corporation whose only connection with defendant
was that the same individual was president of both corpora-
tions. Defendant continued to make payments until June, 1974,
at which time all further payments on the loan ceased. Plaintiff
commenced suit on the note for the entire amount of money
due on the account, which plaintiff alleged to be $28,904.09,
including the $8,095.19 addition. Defendant denied it was liable
for any money on the account, arguing that the addition to the
account amounted to a material alteration of the loan agree-
ment which justified cessation of all payments due. The Oak-
land Circuit Court, Gene Schnelz, J., held that defendant was
not liable for the $8,095.19 but that defendant was liable on the
$17,710.70 remaining on the original $37,000 loan, the court
holding that the alteration of the ledger card did not constitute
a material alteration of the loan agreement such that the loan
agreement was voided. Accrued interest on the judgment at the
loan agreement rate of 12% per annum was awarded to plain-
tiff. Defendant appeals. Held:

1. The unauthorized addition by the bank to the balance on
the ledger card maintained by the bank with respect to defen-
dant's promissory notes does not constitute a material altera-
tion of an instrument within the meaning of the Uniform

Commercial Code. The term instrument, as used in the controlling section of the Uniform Commercial Code, means a negotiable instrument. The ledger card maintained by the bank is not a negotiable instrument since it was not signed by either a maker or drawer, was not an unconditional promise to pay a sum certain in money on demand or at a definite time, and was not payable to order or bearer. The bank's addition of the sums to the ledger card in no way mitigated defendant's obligation to pay on the promissory note that it had executed.

2. Since there is no allegation that the rate of interest on the promissory note was unlawful, interest on the judgment was properly computed at the rate of interest on the note. Since the alteration of the ledger card neither extinguished defendant's obligation to make payments in accordance with the provisions of the note nor in any way interfered with defendant's ability to comply with that obligation, there is no justification for suspending the award of interest on the money judgment awarded in this action on that note.

Affirmed.

1. BILLS, NOTES AND CHECKS — PROMISSORY NOTES — BANK LEDGER CARD — MATERIAL ALTERATION — NEGOTIABLE INSTRUMENTS — UNIFORM COMMERCIAL CODE.

An unauthorized addition by a bank to the balance on the ledger card maintained by the bank with respect to a promissory note which it holds does not constitute a material alteration of an instrument such that the obligation is discharged under the Uniform Commercial Code, since the material alteration provision of the Uniform Commercial Code applies only to negotiable instruments and the ledger card is not a negotiable instrument (MCL 440.3102[1][e], 440.3104[1], 440.3407; MSA 19.3102[1][e], 19.3104[1], 19.3407).

2. INTEREST — INTEREST ON MONEY JUDGMENT — RATE OF INTEREST — WRITTEN INSTRUMENTS — STATUTES.

Interest on a money judgment in a suit on a written instrument bearing a lawful rate of interest higher than the statutory rate of interest on money judgments is properly computed at the higher rate of interest specified in the written instrument (MCL 600.6013; MSA 27A.6013).

3. INTEREST — INTEREST ON MONEY JUDGMENT — PROMISSORY NOTES — SUSPENSION OF INTEREST — DISCHARGE OF OBLIGATION — PREVENTION OF PAYMENT.

The right to an award of interest on a money judgment in an action on a promissory note is not suspended where the acts of

the creditor, even if improper, did not operate to discharge the underlying obligation or to prevent the debtor from complying with his obligation to make payment.

*William I. Liberson, P.C.* (by *Stephen J. Beck*), for plaintiff.

*Murdoch J. Hertzog,* for defendant.

Before: T. M. BURNS, P.J., and BASHARA and CYNAR, JJ.

T. M. BURNS, P.J. Defendant, Hemisphere Development Group, Inc., appeals of right a May 10, 1979, judgment of the circuit court that found it liable to plaintiff, Liberty State Bank & Trust, for money due on a promissory note and security agreement and awarded to plaintiff $25,993.31. We affirm.

On June 27, 1972, defendant and a creditor, American Acceptance Company, entered into an agreement under which defendant was required to execute and deliver to the latter a promissory note in the amount of $37,000. Subsequently, American Acceptance Company assigned to plaintiff its accounts receivable from defendant as security for loans made by plaintiff to American. Interest on the note was to accrue at the rate of 12% per annum, and from August 2, 1972, to August 2, 1974, defendant made 21 payments of $850 each on the note.

On May 15, 1974, the sum of $8,095.19 was added to the balance on the ledger card of defendant's account. This sum reputedly represented the balance owing to plaintiff on an account with General Contract Services, a corporation whose only connection with defendant was that its president was also the president of the defendant corporation. From that date until June 16, 1975, defen-

dant made 11 payments totalling $11,250 on its account. Thereafter, it ceased making further payments.

On July 18, 1976, plaintiff brought suit for the entire amount of the money due on the account, which plaintiff alleged was $28,904.09. At trial, defendant denied that it was liable for any money on the account for the reason that the May 15, 1974, addition of $8,095.19 to the account constituted a material alteration of the loan agreement and justified cessation of all payments due on it. The trial court agreed that defendant was not liable for the $8,095.19, but held that defendant was liable for the remainder at the 12% per year interest rate. Defendant now appeals and argues that the lower court judge erred in not holding that plaintiff's alteration of the ledger card constituted a material alteration voiding the loan agreement. Defendant also argues that the lower court erred in awarding plaintiff full interest on the amount found to be owing. We disagree.

Initially, we note that we are unpersuaded by plaintiff's argument that the issues raised by defendant are not properly before this Court. Defendant did argue in the lower court that the promissory note was invalid and that plaintiff was not entitled to any interest on it. Therefore, we decline to hold that these issues are not properly raised before this Court.

We find to be without merit defendant's argument that the lower court erred in not holding that plaintiff's addition of $8,095.19 to defendant's ledger card constituted a material alteration of the loan agreement and thereby voided defendant's obligations thereunder. Under MCL 440.3407; MSA 19.3407:

"(1) Any alteration of an instrument is material

which changes the contract of any party thereto in any respect, including any such change in

"(a) the number or relations of the parties; or

"(b) an incomplete instrument, by completing it otherwise than as authorized; or

"(c) the writing as signed, by adding to it or by removing any part of it.

"(2) As against any person other than a subsequent holder in due course

"(a) alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;

"(b) no other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given."

This statutory language gives defendant no right to release of its obligation under the promissory note. MCL 440.3102(1)(e); MSA 19.3102(1)(e), clearly provides that § 3407 pertains only to an altered "negotiable instrument". To be negotiable an instrument must:

"(a) be signed by the maker or drawer; and

"(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

"(c) be payable on demand or at a definite time; and

"(d) be payable to order or to bearer." MCL 440.3104(1); MSA 19.3104(1).

The ledger card that plaintiff is alleged to have altered is not an "instrument" which, if materially and fraudulently altered, would discharge defendant's obligations thereunder. The ledger card does not contain a signature by a maker or drawer, an unconditional promise to pay a sum certain in money on demand or at a definite time, or an

indication that it is payable to order or to bearer. Therefore, plaintiff's addition of sums to this ledger card in no way mitigated defendant's obligation to pay on the promissory note that it had executed.

Defendant also argues that the lower court erred in awarding plaintiff interest at 12% per year on the sums that it found due and owing from defendant. We find no error.

The payment of interest on money judgments is authorized under the provisions of MCL 600.6013; MSA 27A.6013:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year *unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed.*" (Emphasis supplied.)

The trial judge found that the amount owing on the promissory note was $17,710.70. The note provided for an interest rate of 12% per year and defendant does not allege that this rate of interest was unlawful. Applying this rate of interest, the trial judge computed interest from the date of defendant's last payment on the promissory note, June 6, 1975, and determined that a total interest charge of $8,282.61 was due. Adding this sum to the amount of the principle found owing on the note, the trial judge calculated the total award of damages, $25,993.31. Defendant raises two challenges to the validity of the interest award.

Defendant first argues that the amount of the interest award was improper under GCR 1963,

518.3, because plaintiff failed to prove entitlement to it. This is not true. Plaintiff proved, by introduction of the promissory note and ledger card at trial, the total amount of the original loan, the number and total of all payments that had been made on the note, and the rate of interest due on the note. With these facts known, computation of the interest owing on the note required only application of a simple mathematical formula. Thus, evidence in the record is sufficient to support the trial judge's award.

Defendant also argues that the award of interest was unwarranted because of certain improper activities of plaintiff. We agree with defendant that if the failure to make payment on a note is due to any improper act or omission of the creditor, or to any conduct on behalf of the creditor that prevents the debtor from complying with his obligation to pay, accrual of interest on the note is suspended. *Michaels v Mellish,* 55 Mich App 374; 222 NW2d 247 (1974). However, we disagree with defendant's argument that this principle has application in this case.

Assuming that defendant was willing and able to pay on the note, there is no evidence of an act or omission of plaintiff sufficient to prevent payment. Unlike the facts of *Michaels,* plaintiff here did not repudiate or change the contract between the parties, which, as embodied in the promissory note, remained entirely intact. Therefore, we find no improper conduct by plaintiff that would have justified the suspending of interest on the note.

Affirmed. Plaintiff may assess costs.